[732 NYS2d 794]

In the Matter of ROBERT W. HYSERT, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 9, 2001

### APPEARANCES OF COUNSEL

*Margaret C. Callanan, Associate Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Robert W. Hysert,* Tonawanda, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court

on February 20, 1979, and maintains an office for the practice of law in Tonawanda. The Grievance Committee filed a petition charging respondent with acts of professional misconduct. Respondent filed an answer denying the material allegations of the petition, and a Referee was appointed to conduct a hearing. Prior to the hearing, respondent admitted the factual allegations of the petition, as amended. A hearing was held on respondent's defense, and the Referee filed a report, which the Grievance Committee moves to confirm in part and disaffirm in part. The Grievance Committee also moves for the immediate suspension of respondent, pursuant to 22 NYCRR 1022.20 (e), on the ground that respondent has committed misconduct immediately threatening the public interest. Respondent filed no papers in response to either motion and failed to appear before the Court on the scheduled return date.

Respondent admitted that he neglected two personal injury actions, one of which was dismissed to the prejudice of respondent's client, two matrimonial matters and one child support proceeding, that he failed to participate in a domestic relations fee arbitration program, and that he did not cooperate with the Grievance Committee's investigation. In addition, respondent admitted that, over a two-year period, he failed to respond to numerous telephone calls and letters from clients, court personnel, and the Grievance Committee. Respondent maintained that he never received the unanswered communications.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-106 (e) (22 NYCRR 1200.11 [e])—failing to resolve a fee dispute in a domestic relations matter by arbitration;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting legal matters entrusted to him; and

DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3])—prejudicing or damaging a client during the course of the professional relationship.

Accordingly, after consideration of all the factors in this matter, including respondent's explanation for his misconduct, we conclude that respondent should be suspended for a period of two years and until further order of the Court.

Given our disposition of this matter, the Grievance Committee's motion for the immediate suspension of respondent is dismissed as moot.

PIGOTT, JR., P. J., WISNER, HURLBUTT, KEHOE and LAWTON, JJ., concur.

Order of suspension entered.